JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8431-GHK (JCGx) | Date | January 10, 2014 |
|---|---|---|---|
| Title | *Martin Markham, et al. v. Home Depot USA, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Plaintiffs' Motion to Remand [Dkt. No. 9]

     This matter is now before us on Plaintiffs' Motion to Remand ("Motion"). We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.    Background**

     On June 7, 2011, Plaintiff Martin Markham filed this personal injury action against Defendant Home Depot USA, Inc. ("Home Depot") in the Superior Court for Ventura County. Four months later, Home Depot removed the case to this Court on the basis of diversity jurisdiction. On February 10, 2012, Mr. Markham sought leave to amend his complaint so that he could add Vicki Markham (collectively with Mr. Markham, "Plaintiffs") as a plaintiff. We granted leave to amend, and Mr. Markham filed his First Amended Complaint ("FAC") on February 16, 2012. Plaintiffs amended their Complaint two more times to add three Kellermeyer entities as defendants (collectively, "Kellermeyer Defendants"). Each time, Home Depot stipulated to Plaintiffs' request for leave to file an amended complaint. On September 24, 2012, we remanded this matter to state court, as the Kellermeyer Defendants destroyed diversity. On October 23, 2013, Plaintiffs dismissed the Kellermeyer Defendants after discovering that Home Depot was contractually responsible for the maintenance of the floor that caused Mr. Markham's injuries. On November 14, 2013, Home Depot removed this action once again on the basis of diversity jurisdiction, and the upcoming state court trial date was vacated. Plaintiffs' Motion to remand this action back to state court is now before us.

**II.    Legal Standard**

     A defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action, either on the basis of a federal question or diversity of the parties. 28 U.S.C. § 1441. However, "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8431-GHK (JCGx) | Date | January 10, 2014 |
|---|---|---|---|
| Title | *Martin Markham, et al. v. Home Depot USA, Inc., et al.* | | |

party asserting jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper," and that the court resolves all ambiguity in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*) (internal quotation marks omitted). A plaintiff objecting to the removal may move for remand due to lack of subject matter jurisdiction or another defect, such as the timeliness of removal. *See* 28 U.S.C. § 1447(c).

No case may be removed from state to federal court based on diversity of citizenship "more than 1 year after commencement of the action, unless [we] find[] that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Section 1446(c)(1)'s one-year deadline serves "as a means of reducing the opportunity for removal after substantial progress has been made in state court." H.R. Rep. No. 100-889, at 72 (1988), *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33. This "modest curtailment in access to diversity jurisdiction" is necessary to avoid "substantial delay and disruption" in state court proceedings. *Id.* Section 1446 therefore expresses Congress's "opinion that a diversity case which has been before a state court for more than one year should stay there." *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1470 (C.D. Cal. 1989). The Ninth Circuit strictly construes § 1446(c)(1)'s one-year deadline and has not recognized any equitable tolling exceptions. *Blue v. Equifax Info. Servs., LLC*, 2007 WL 602295, at *2 (N.D. Cal. 2007 Feb. 22, 2007); *see also Gaus*, 980 F.2d at 566.

**III. Discussion**

Here, Home Depot's attempt to effect removal more than one year after this case was remanded and commenced in state court is clearly untimely under § 1446(c)(1). Accordingly, unless Home Depot can establish that Plaintiffs have acted in bad faith, Home Depot's untimely removal was improper. In our September 24, 2012 Order, we held that Home Depot had waived the argument that the Kellermeyer Defendants were fraudulently joined by stipulating to Plaintiffs' requests to amend their Complaint. As we explained in our prior order, "[b]y stipulating to the requests, [Home Depot] implicitly acknowledged that [the Kellermeyer Defendants] were not joined for the sole purpose of destroying diversity, and even if they were, it consented to such joinder." [*Markham v. Home Depot USA, Inc., et al.*, 2:11-cv-8445-GHK-JCG, Dkt. No. 58]. In its Opposition to Plaintiffs' Motion, Home Depot makes no new arguments to suggest that Plaintiffs have acted in bad faith. In the absence of any such showing, we find no bad faith. As such, § 1446(c)(1)'s one-year deadline prohibits removal.

Home Depot's chief argument is that § 1446(c)(1) is wholly inapplicable here. Relying on *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998), Home Depot suggests that § 1446(c)(1) only applies to cases that were not removable at the time of the initial pleading. Because Plaintiffs' original complaint was removable, Home Depot argues that § 1446(c)(1) does not apply here.

Home Depot misunderstands *Ritchey*. Section 1446 "provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8431-GHK (JCGx) | Date | January 10, 2014 |
|---|---|---|---|
| Title | *Martin Markham, et al. v. Home Depot USA, Inc., et al.* | | |

pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)(3)). In other words, § 1446(b)(1)'s thirty-day window applies to cases that are initially removable, and § 1446(b)(3)'s thirty-day window applies to cases that become removable. *See Deutsche Bank Nat. Trust Co. v. Becske*, 2013 WL 5522853, at *2 n.1 (C.D. Cal. Oct. 3, 2013). *Ritchey* simply stands for the proposition that § 1446(c)(1)'s one-year deadline only applies to cases that become removable, i.e., cases where the defendant removes the case using (b)(3)'s thirty-day window. *See* 425 F.3d at 1316-17. Under *Ritchey*, then, § 1446(c)(1) only precludes removal if the basis for removal arises sometime after the action has commenced. *See id.* In *Ritchey*, the defendant filed its notice of removal more than a year after the action was commenced because the plaintiff had waited more than a year to notify the defendant that it had filed the action. *See id.* at 1315. The one-year deadline did not apply, however, because the case was removable on the basis of the original complaint, and the defendant was removing under (b)(1) within thirty days from the date it was served. *See id.* at 1317. The Ninth Circuit held that the plaintiff's dilatory tactics did not defeat the defendant's right under § 1446(b)(1) to file a notice of removal within thirty days from the date it was served with the complaint. *See id.* at 1316-17; *see also Cotton Cloud, Inc. v. Covein Licensing, LLC*, 2013 WL 2154386, at *2 (D. Nev. May 17, 2013).

     This case was initially timely removed by Home Depot under (b)(1). The one-year time limit did not apply to this initial (b)(1) removal, nor would it have matter if it had, as it was initially removed four months after the case was filed in state court. This (b)(1) removal is immaterial for our purposes, however, not only because Plaintiffs are not contesting the original removal, but also because the case was remanded by this court on September 24, 2012. The case that we remanded to state court on September 24, 2012 was not removable. The basis for the instant removal—the dismissal of the non-diverse defendants—occurred more than a year after this action had progressed in state court. This case, then, was made removable "by subsequent events in the litigation," and "[i]t cannot be said that the case has been subject to removal since the day it was filed in state court." *Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1023 (N.D. Cal. 2003). Unlike *Ritchey*, therefore, this action has "become removable," and Home Depot is necessarily relying on (b)(3)'s thirty-day window. Accordingly, Home Depot's re-removal is subject to § 1446(c)(1)'s one-year deadline.

     Moreover, because initially removable cases can only rely on (b)(1)'s initial thirty-day window, Home Depot's attempt to use (b)(3)'s thirty-day window while also arguing that this case was initially removable is fundamentally flawed. *See WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC*, 2012 WL 5198478, at *3 (D. Nev. Oct. 18, 2012) ("If the Complaint in this case was removable from inception, as Defendants argue it was, the analysis stops with subsection (b)(1), and Defendants have no recourse to subsection (b)(3), obviating Plaintiff's need to invoke subsection (c)(1). On the other hand, if the Complaint was not removable from inception but only became removable after amendment, subsection (b)(3) applies, but so does subsection (c)(1), which bars removal in this case in the absence of bad faith."). Home Depot cannot have it both ways.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8431-GHK (JCGx) | Date | January 10, 2014 |
|---|---|---|---|
| Title | *Martin Markham, et al. v. Home Depot USA, Inc., et al.* | | |

Home Depot seems to suggest that once a case has been timely removed under (b)(1), as here, the case is forever immunized from (c)(1)'s one-year deadline. No authority exists for such a proposition. Further, any such rule would be counter to the policy underlying (c)(1), as it would permit the very interference with ongoing state court proceedings that Congress sought to avoid in enacting (c)(1).

**IV.    Conclusion**

Based on the foregoing, Home Depot's removal was untimely under 28 U.S.C. § 1446, and it has failed to set forth any other reason for us to retain jurisdiction. Accordingly, we **GRANT** Plaintiffs' Motion and **REMAND** this case to the state court from which it was removed.

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk    IR forBea